UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>ALENA ALEYKINA,<br><br>Movant. | No. 2:16-cr-0142 DC CKD P<br><br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Movant is proceeding pro se with an amended motion filed pursuant to 28 U.S.C. § 2255 raising numerous challenges to convictions and sentences entered in this court. ECF No. 236. Respondent has filed an answer (ECF No. 243) and movant a reply (ECF No. 244). For the reasons which follow, the court recommends that the amended § 2255 motion be denied.

I. Background

On October 20, 2016, movant was charged as follows in a superseding indictment:

1. Counts 1-6, subscribing to a false tax return in violation of 26 U.S.C. § 7206(1).

2. Count 7, corruptly endeavor to impede the administration of the Internal Revenue laws in violation of 26 U.S.C. § 7212(a).

3. Count 8, theft of public money or property in violation of 18 U.S.C. § 641.

4. Count 9, destruction, alteration, or falsification of records in a federal investigation in violation of 18 U.S.C. § 1519.

At the time of the charged crimes, movant was a Special Agent for the Internal Revenue Service. ECF No. 7 at 2.

Count 7 was dismissed on April 18, 2018, pursuant to a motion brought by respondent. Movant proceeded to jury trial on the remaining counts with trial commencing on June 11, 2018. On June 15, 2018, movant was found guilty on all remaining counts. Sentencing occurred on October 23, 2018. Movant was ordered to serve 36 months as to counts 1-6 and 51 months on counts 8 and 9 with all sentences running concurrently.

Movant appealed to the Ninth Circuit on October 31, 2018. In an opinion issued September 24, 2020, the Ninth Circuit affirmed. Movant filed a petition for writ of certiorari in the Supreme Court which was denied on June 14, 2021. Ninth Circuit Docket No. 18-10420, ECF No. 115.

## II. Claims Concerning Sentence

Movant raises several claims concerning the length of her sentence. It appears movant was released from prison on or before June 13, 2022. ECF No. 223. Upon release, movant was to serve 36 months supervised release. ECF No. 144 at 3. As it appears movant's sentence has been served, any challenge to the length or her sentence is moot.

## III. Unreviewable Claims

### A. Claims Decided on Appeal

A 28 U.S.C. § 2255 motion is not a second appeal, see, e.g., United States v. Addonizio, 442 U.S. 178, 184 (1979) which means a litigant cannot relitigate issues already presented on direct appeal, Clayton v. United States, 447 F.2d 476, 477 (9th Cir. 1971). In the Ninth Circuit's decision affirming movant's convictions and sentences, the Ninth Circuit held: (1) there was sufficient evidence to support movant's conviction for destruction, alteration, or falsification of records; (2) it was not error for the trial court to limit the testimony of movant's husband as to whether she had requisite criminal intent; and (3) expert testimony indicating movant's purported martial separation was not valid for federal tax purposes was appropriate.

/////

/////

Some of movant's claims would require review of holdings (1) and (3). Because the Ninth Circuit's holdings are not reviewable here, the court will not address any claim requiring such a review.

B. Procedural Default

As for claims that could have been raised on appeal but were not, a litigant must establish good cause as to why the claim was not brought, and prejudice resulting therefrom. Massaro v. U.S., 538 U.S. 500, 504 (2003). An exception to this rule is that claims of ineffective assistance of counsel which could have been raised on direct appeal can be raised for the first time in a § 2255 motion. Id. at 503-04.

Ineffective assistance of appellate counsel can provide a basis for cause required to establish procedural default. Murray v. Carrier, 477 U.S. 478, 488-92 (1986). Those instances where movant states claims for ineffective assistance of appellate counsel are addressed below.

After reviewing movant's amended motion, the court finds that all claims other than the claims for ineffective assistance of trial and appellate counsel are procedurally defaulted and will not be addressed.

The court notes that movant attempted to raise at least some of the claims presented in her amended motion in pro se filings before the Ninth Circuit on direct appeal even though she was represented by counsel. The Ninth Circuit declined to consider the claims or allow movant to represent herself on appeal:

> [A] review of the district court and court of appeals dockets, particularly Aleykina's pro se submissions, including her pro se supplemental opening brief and her supplement thereto, shows that this is not an appropriate case in which to exercise the court's discretion to permit self-representation, and that a hearing regarding whether Aleykina's self-representation request is knowing, intelligent, and unequivocal is unnecessary. See Martinez, 528 U.S. at 163. Allowing Aleykina to represent herself would unduly burden the court and the government, and undermine the integrity of the judicial process and the just and orderly resolution of the appeal. Id. at 162; 9th Cir. R. 42-1(d). . .

United States v. Aleykina, 18-10420, ECF No. 80. Report and Recommendation adopted June 2, 2020.

Movant's assertion that her attempt to raise the claims pro se while represented by counsel

3

1  means that the claims were properly raised before the Ninth Circuit is not supported by any case
2  law.  The Ninth Circuit had the authority to deny movant's request to represent herself, <u>Martinez</u>
3  <u>v. Ct. of App. of Cal. 4th Dist.</u>, 528 U.S. 152, 692-93 (2000), did so, and therefore had no reason
4  to subscribe any import to her attempt to raise issues not raised by appellate counsel.  This court
5  has no ability to find that any claim raised by movant pro se was properly submitted to the Ninth
6  Circuit when the Ninth Circuit found it was not.
7       Finally, in her reply, movant asserts that it was not her burden to establish a defense to
8  procedural default in her amended motion and asks for an opportunity to do so now.  The purpose
9  of a reply is to argue against matters raised in an answer.  Nothing in the reply establishes cause
10 and prejudice saving any procedurally defaulted claims.
11      C.  <u>Failure to State a Claim</u>
12      The only claims which remain are claims of ineffective assistance of trial counsel and
13 appellate counsel that do not concern the length of movant's sentence. With respect to a § 2255
14 motion, it is always the movant's burden to present "specific factual allegations that, if true, state
15 a claim on which relief could be granted." <u>United States v. Withers</u>, 638 F.3d 1055, 1062 (9th
16 Cir. 2011).  Vague and conclusory allegations in a § 2255 motion do not provide a basis for relief.
17 <u>Shah v. United States</u>, 878 F.2d 1156, 1161 (9th Cir. 1989).
18      The Sixth Amendment guarantees effective assistance of counsel in criminal proceedings.
19 To establish ineffective assistance of counsel, two elements must be met.  First, it must be shown
20 that, considering all circumstances, counsel's performance fell below an objective standard of
21 reasonableness.  <u>Strickland v. Washington</u>, 466 U.S. 668, 688 (1984).  To this end, movant must
22 identify the acts or omissions that are alleged not to have been the result of reasonable
23 professional judgment.  <u>Id.</u> at 690.  The court must then determine whether the identified acts or
24 omissions were outside the wide range of professional competent assistance.  <u>Id.</u>  Second, movant
25 must affirmatively prove prejudice.  <u>Id.</u> at 693.  Prejudice is found where "there is a reasonable
26 probability that, but for counsel's unprofessional errors, the result of the proceeding would have
27 been different."  <u>Id.</u> at 694.  A reasonable probability is "a probability sufficient to undermine
28 confidence in the outcome."  <u>Id</u>.

4

To prevail on a claim for ineffective assistance of appellate counsel it must be shown that counsel's advice fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's unprofessional errors, movant would have prevailed on appeal. Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir. 1989). Appellate counsel is not required to raise every non-frivolous issue demanded by the defendant. Jones v. Barnes, 463 U.S. 745, 751 (1983).

In claim (39), which appears on page 50 of movant's amended motion, movant asserts that trial and appellate counsel were ineffective for failing to raise any of the numerous claims asserted by movant on pages 1-49. As with at least some of the claims movant attempted to raise on direct appeal, this general assertion of ineffective assistance is conclusory and does not provide basis upon which relief can be granted. Claims (40), (41) and (47) are no different. Movant complains in general terms about the actions of trial and / or appellate counsel, without pointing to specific facts and law reasonably suggesting incompetence and prejudice.

Movant also blames trial and appellate counsel for not asserting a statute of limitations defense to count 8 in claim (46). However, movant fails to indicate what argument should have been made and that such an argument would have been successful.[1]

IV. Reviewable Claims

A. Evidence Supporting Count 9

In Claim (42) movant asserts:

> Trial and appellate counsel were deficient when [they] failed to assert waiver of all issues other than alleged [destruction] in [count 9]. . . As a result of counsel's failure to assert the waiver, the appellate court affirmed the count with [stiff] penalties basing the affirmance on the new, [waived] theory of "altered" records.

ECF No. 236 at 51

In the decision affirming movant's convictions and sentences, the Ninth Circuit held that

---

[1] It is possible that movant is asserting that trial and appellate counsel should have argued that the limitations period with respect to count 8 began running on July 15, 2011, when she submitted a false application for tuition assistance with her employer, as movant alleges in claim (16) of her amended motion. However, movant stands convicted of theft in count 8 (not attempt), a crime not committed until funds were obtained by movant. Nothing suggests that any funds were obtained on July 15, 2011.

5

respondent presented enough evidence of destruction (not mere alteration) to sustain the conviction for destruction, alteration, or falsification of records in a federal investigation in violation of 18 U.S.C. § 1519. ECF No. 182 at 2. Because claim (42) is based upon a material premise that is incorrect, it must be rejected.

### B. Trial Counsel Closing Argument as to Count 9

In claim (43), movant asserts that trial counsel admitted guilt as to count 9 in closing argument. During closing, counsel indicated to jurors that after movant was informed her work laptop would be confiscated as a consequence of her being placed on "temporary restricted duty" she deleted some information which was on the computer. RT 1072-1074. Evidence presented supported that assertion (see testimony of Jeffrey Jack beginning at RT 174) and movant fails to point to any evidence suggesting there was any basis for counsel to argue files were not deleted by movant.

While counsel asserted files were deleted, counsel also argued movant was generally deleting personal items and not attempting to thwart any investigation into her committing crimes. RT 1074. This being the case, counsel did not admit guilt as alleged by movant. Movant does not show ineffective assistance of trial counsel nor ineffective assistance of appellate counsel for appellate counsel's decision not to raise the on appeal.

### C. Julia Richter "Memo of Interview"

In anticipation of calling Julia Richter, movant's sister, as a defense witness, trial counsel provided respondent with a "memo of interview" conducted by a defense investigator. RT 877, 883. The memo was used in an attempt to impeach Richter's testimony as to two points (cross examination of Julia Richter RT 953-960). In claim (44) movant asserts trial counsel was not required to turn over the memo.

In United States v. Nobles, 422 U.S. 225 (1975) the Supreme Court held that the trial court was correct in conditioning the testimony of a defense investigator upon disclosure to the government of a report made by the investigator. The court found that disclosure could not be avoided under either the Fifth Amendment, id. at 234, or the attorney work-product doctrine, id. at 236-37. With respect to the work-product doctrine, the Court held that any privilege as to the

investigator's report was waived as to any matter covered in the investigator's testimony:

> Respondent can no more advance the work-product doctrine to sustain a unilateral testimonial use of work-product materials than he could elect to testify in his own behalf and thereafter assert his Fifth Amendment privilege to resist cross-examination on matters reasonably related to those brought out in direct examination. [Citation omitted].

In light of Nobles, the court cannot find that trial counsel's production of the memo was based upon ignorance or a misunderstanding of the scope of protections afforded by the Fifth Amendment or the attorney work product doctrine.

Movant argues that counsel was not required to turn over the memo to the prosecution because it was not a "statement" under Federal Rule of Criminal Procedure 26.2. Rule 26.2(f)(2) defines a "statement," in part, as a "substantially verbatim, contemporaneously recorded recital of the witness's oral statement that is contained in any recording or any transcription of a recording." Movant fails to point to anything indicating those portions of the memo which were used by respondent for impeachment purposes did not amount to a "statement" under Rule 26.2(f). Both times the memo was used, respondent relayed information the investigator indicated was told to him by Ms. Richter. RT 953, 956. See U.S. v. Wallace, 326 F.3d 881, 884 (7th Cir. 2003) (defense investigator report concerning defense witness qualified as a "statement" under Rule 26(f)(2). In any case, even if the portions of the memo used could be deemed something other than a "statement" under Rule 26.2(f), movant fails to show that trial counsel was not required to turn over the memo pursuant to Nobles or some other provision of law.[2]

Finally, the court notes that under the heading for claim (44), movant asserts trial counsel failed to object to the use of "immunized" testimony but does not elaborate. Julia Richter was given immunity for her testimony, but she was a defense witness. As for the cross examination of Ms. Richter, movant fails to point to anything objectionable because it was "immunized."

For these reasons, movant has not established ineffective assistance of trial or appellate counsel under the heading for claim (44).

---

[2] Advisory committee notes to Federal Rule of Criminal Procedure 26.2 indicate the rule was created in part in response to the Supreme Court's decision in Nobles.

    D. <u>Julia Richter Teaching Credential</u>

Movant claims that trial counsel should have sought to have Julia Richter's teaching credentials admitted into evidence "which were easily available from University of Nebraska and from WES (credential evaluation company)." ECF No. 236 at 54. Respondent presented evidence in support of count 8, theft of public money or property, indicating movant obtained money from the I.R.S. by fraudulently obtaining reimbursement for English classes allegedly taught by Ms. Richter. When asked to describe her qualifications for being an English teacher, Ms. Richter indicated that she had a bachelor's degree in English literature and instruction from a college in Ukraine. RT at 920. She indicated that she taught English in Ukraine and was a teacher's assistant at an English as a second language high school in the San Juan Unified School District. RT at 921. Ms. Richter indicated she was not accredited to be a teacher, RT at 927, and never taught English to anyone other than her sister in the United States for money, RT 950. Considering Ms. Richter admitted she was not accredited, and because movant fails to point to any evidence indicating she was, the court cannot find that trial counsel was objectively unreasonable for failing to seek admission of teaching credentials, nor was appellate counsel for failing to assert trial counsel's ineffectiveness on appeal.

V. <u>Requests For Judicial Notice</u>

In her reply, movant asks that the court take judicial notice of federal caselaw. Under Federal Rule of Evidence 201, the court can judicially notice that certain facts are true if certain criteria are met. The court does not judicially notice caselaw.

VI. <u>Conclusion</u>

For all of the foregoing reasons, the court recommends that movant's amended 28 U.S.C. § 2255 motion be denied.

In accordance with the above, IT IS HEREBY ORDERED that movant's requests for judicial notice made in her reply brief are denied.

IT IS HEREBY RECOMMENDED that:

1. Movant's amended motion for relief under 28 U.S.C. § 2255 (ECF No. 236) be denied; and

2. The Clerk of the Court be directed to close the civil companion case 2:22-cv-1029 DC CKD P.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections, movant may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time waives the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 25, 2025

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
aley0142.2255